IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BAPA BROOKLYN 2004, LLC, | § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:20-cv-254-X-BN |
| GUILD MORTGAGE COMPANY, | § § § | |
| Defendant. | § | |

**AMENDED FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Brantley Starr. Defendant Guild Mortgage Company's ("Guild") has filed a Motion to Dismiss [Dkt. No. 11] pursuant to Federal Rule of Civil Procedure 12(b)(6). Without leave of court, Plaintiff BAPA Brooklyn 2004, LLC ("BAPA") filed an out-of-time response. The undersigned issued Findings, Conclusions and Recommendation ("FCR"), and Guild filed an objection to the FCR.

The undersigned now sua sponte amends its prior FCR and issues the following findings of fact, conclusions of law, and recommendation that the Court grant the motion to dismiss.

**Background**

BAPA filed suit in state court to stop the foreclosure sale of real property located at 1303 Bluebonnet in DeSoto, Texas (the "Bluebonnet Property"). *See* Dkt. No. 1-3. In its original petition, BAPA states that "it is the owner of the property

located at 1157 Pentagon Parkway, Dallas, Texas 72116," and that Guild is its "mortgage holder, which is attempting to sell Plaintiff's property on January 7, 2020 through a foreclosure sale." *Id.* at 1-2. BAPA asserts a breach-of-contract claim, alleging that Guild failed to provide notice of default, notice of acceleration, and an accounting. *See id.* at 1-3 at 2.

BAPA also sought and obtained a temporary restraining order to stop Guild from foreclosing on the Bluebonnet Property. *See id.*; Dkt. Nos. 1-4, 1-5. In its Motion to Extend Temporary Restraining Order, BAPA states that it is the owner of the Bluebonnet Property. *See* Dkt. No. 1-7.

Guild timely removed the case to federal court under diversity jurisdiction. *See* Dkt. Nos. 1, 4. To show that the value of the property met the amount-in-controversy requirement, Guild attached a Dallas County Appraisal District Notice of Appraised Value – Residential for the 2019 tax year. *See* Dkt. Nos. 1-10; 4-10. The appraisal notice was sent to BAPA as the owner of the Bluebonnet Property. *See id.*

Guild now seeks dismissal for failure to state a claim. *See* Dkt. No. 11. Guild asserts that BAPA's breach-of-contract claim should be dismissed for two reasons: (1) BAPA cannot sue Guild for breach of contract because it has not alleged it is a party to the loan documents for the Bluebonnet Property, and (2) BAPA fails to identify a specific provision of the loan documents that Guild allegedly breached. *See* Dkt. No. 12. Guild also argues that BAPA's request for injunctive relief fails because BAPA fails to state an underlying claim. *Id.* To support its motion to dismiss, Guild attaches

an October 15, 2013 deed of trust securing the Bluebonnet Property between Shana Chatman, as grantor, and Guild, as lender. *See* Dkt. No. 12-1.

BAPA failed to file a response by the March 23, 2020 deadline. *See* Dkt. Nos. 13, 17. Without leave of court, BAPA filed a response on May 26, 2020. *See* Dkt. No. 18. In its late-filed response, BAPA asserts that the motion to dismiss "is nothing more than a summary judgment in disguise, without the benefit of admissible evidence." *See* Dkt. No. 18 at 1. BAPA also seeks leave to amend its complaint since the case was removed to federal court. *See id.* at 4. The undersigned grants BAPA leave to file the response but declines the implied motion to convert the motion to dismiss to one for summary judgment.

On May 29, 2020, the undersigned issued an FCR recommending that the Court deny the motion to dismiss. *See* Dkt. No. 19. Guild filed objections to the FCR. *See* Dkt. No. 20. Finding the objections well-taken, especially since Guild did not have an opportunity to respond to BAPA's late-filed response, the undersigned sua sponte amends the FCR and recommends that the Court grant the motion to dismiss.

## Legal Standards

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiffs must plead enough facts to state a claim to relief that is plausible on its face, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity to raise

a right to relief above the speculative level. *Id*. at 555. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* A claim for relief is implausible on its face when the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct. *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiffs must allege more than labels and conclusions, and, while a court must accept all of the Plaintiffs allegations as true, it is not bound to accept as true a legal conclusion couched as a factual allegation. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id*. But, to survive a motion to dismiss under *Twombly* and *Iqbal*, a plaintiff need only plead facts sufficient to show that the claims asserted have substantive plausibility by stating simply, concisely, and directly events that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) (To survive a Rule 12(b)(6) motion to dismiss, the complaint does not

need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief including factual allegations that, when assumed to be true, raise a right to relief above the speculative level. (footnote and internal quotation marks omitted)).

The United States Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the factual allegations in the complaint. *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 135 S. Ct. at 347, and the Federal Rules of Civil Procedure do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted, *Johnson*, 135 S. Ct. at 346.

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). "Documents attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). Although the [United States Court of Appeals for the] Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the

documents constituting the contract are central to the plaintiff's claim. *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint. *Id.*

In addition, it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record. *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice). And "[t]here is nothing improper about the district court considering the content of briefing that supports or opposes a motion under Rule 12(b)(6) when deciding such a motion," where, although "[w]hen matters outside the pleadings are presented to the court in connection with a motion under Rule 12(b)(6), the motion must be treated as a Rule 56 motion for summary judgment and appropriate notice given to the parties, the United States Court of Appeals for the Fifth Circuit has held "that briefs and oral arguments in connection with the motion … are not considered matters outside the pleadings for purposes of conversion." *Turnage v. McConnell Techns., Inc.*, 671 F. App'x 307, 309 (5th Cir. 2016) (per curiam) (internal quotation marks and citations omitted).

## Analysis

To establish a claim for breach of contract, a plaintiff must show "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Mullins v. TestAmerica, Inc.*, 564 F. 3d 386, 418 (5th Cir. 2009) (citing *Aguier v. Segal*, 167 S.W. 3d 443, 450 (Tex. App. – Houston [14th Dist.] 2005, pet. denied)).

> BAPA's breach of contract claim, in its entirety, alleges that
>
> The Texas Property Code requires a mortgage lender to provide a Notice of Default and opportunity to cure given to the borrower. Plaintiff received no notice of the same as required by both the security documents and the property code. This constitutes a breach of contract for which Plaintiff sues, requesting actual damages, attorney fees and costs of court.

Dkt. No. 1-3 at 2.

Guild argues that BAPA fails to state a breach-of-contract claim because BAPA "has not alleged it is a party to the loan documents at issue such that would give it standing to sue for alleged breach." Dkt. No. 11. Guild's standing argument is based on discrepancies between the statement in BAPA's original petition that it is the owner of property located at 1157 Pentagon Parkway and a deed of trust concerning the Bluebonnet Property between Guild and Shana Chapman, not BAPA. Guild also argues that BAPA "has not and cannot identify a specific provision of the loan documents that Guild breached" based on its failure to receive notice of default, notice of acceleration, and an accounting. See Dkt. No. 12 at 1.

Guild urges the Court to take judicial notice of the deed of trust between Guild and Chapman, which is the only loan document in the record. *See* Dkt. No. 12 at n.15.

Although the deed of trust was recorded in the real property records of Dallas County, Texas, it is neither mentioned in Plaintiff's Original Petition nor central to BAPA's claim. It is not a deed of trust concerning the Pentagon Parkway Property, which BAPA alleges it owns. And, if BAPA's petition could be construed to allege that BAPA owns the Bluebonnet Property, a deed of trust between Chapman and Guild concerning that property would not support BAPA's claim to own that property absent allegations that BAPA is a third-party beneficiary to the deed of trust. Thus, the Court cannot take judicial notice of the deed of trust Guild uses to disprove BAPA's factual allegations at the motion to dismiss stage.

But, even if the Court considers the deed of trust, BAPA fails to state a breach of contract claim for both reasons that Guild asserts. BAPA fails to identify any loan documents that would give it standing to sue Guild for breach of contract, much less any specific provisions of loan documents that Guild breached based on BAPA's alleged failure to receive notice of default and opportunity to cure or an accounting.

Under Texas law, a plaintiff must be a party to a contract or a third-party beneficiary of the contract to make a claim for breach of contract. *See Maddox v. Vantage Energy, LLC*, 361 S.W. 3d 752, 756 (Tex. App. – Fort Worth 2012, pet. denied). In general, a plaintiff that sues for breach of contract "must point to a specific provision in the contract that was breached by the defendant." *King v. Wells Fargo Bank*, N.A., NO. 3:11-cv-945-M-BD, 2012 WL 1205163, at *2 (N.D. Tex. Mar. 20, 2012). And a plaintiff fails to state a claim for breach of a deed of trust if it fails to

8

identify a specific provision that was breached. *See Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014).

The undersigned recommends that the Court grant the motion to dismiss without prejudice because the confusing, contradictory, and conclusive allegations in Plaintiff's Original Petition fail to state a claim for breach of contract.

## Recommendation

The Court should grant Defendant Guild Mortgage Company's Motion to Dismiss [Dkt. No. 11]. The Court also should grant Plaintiff BAPA Brooklyn 2004, LLC 21 days from the date of any order adopting these Findings, Conclusions, and Recommendation in which to file an amended complaint.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 13, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE