IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BAPA BROOKLYN 2004, LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | No. 3:20-cv-254-X-BN |
| § | |
| GUILD MORTGAGE COMPANY, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Brantley Starr. Defendant Guild Mortgage Company ("Guild") has filed a motion for entry of final judgment, *see* Dkt. No. 24, and a motion to dismiss, *see* Dkt. No. 26 (Defendant's Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)).

Plaintiff BAPA Brooklyn 2004, LLC ("BAPA") has filed a response to the motion to dismiss, *see* Dkt. No. 29, and Guild has filed a reply, *see* Dkt. No. 30.

For the following reasons, and as explained below, the Court should deny the motion for entry of final judgment, grant the motion to dismiss the amended complaint, and dismiss BAPA's claim with prejudice.

**Background**

BAPA filed a breach-of-contract lawsuit in state court to stop the foreclosure sale of real property located at 1303 Bluebonnet in DeSoto, Texas (the "Bluebonnet Property"). *See* Dkt. No. 1-3.

After removing the case to this Court, Guild moved to dismiss BAPA's original petition for failure to state a claim. *See* Dkt. No. 11. Guild asserted that BAPA's breach-of-contract claim should be dismissed for two reasons: (1) BAPA cannot sue Guild for breach of contract because it has not alleged that it is a party to the loan documents for the Bluebonnet Property, and (2) BAPA fails to identify a specific provision of the loan documents that Guild allegedly breached. *See* Dkt. No. 12.

The Court accepted the undersigned's amended findings, conclusions and recommendation and granted the motion to dismiss. *See* Dkt. No. 23. The Court found that BAPA failed to "identify any loan documents that would give it standing to sue Guild for breach of contract, much less any specific provisions of loan documents that Guild breached based on BAPA's alleged failure to receive notice of default and opportunity to cure or an accounting." *See id*. at 1-2 (quoting Dkt. No. 22 at 8).

The Court also granted BAPA leave to file an amended complaint within 21 days. *See id*. BAPA did not file an amended complaint by the 21-day deadline and Guild moved for entry of final judgment. *See* Dkt. No. 24.

BAPA filed an amended complaint six days after the deadline. *See* Dkt. No. 25. BAPA alleges that it is the owner of the Bluebonnet Property "by virtue of a Deed of Trust between [BAPA] and Shana Chatman dated January 29, 2019"; the "Texas Property Code and section 8 of the Note dated October 15, 2013 between Guild and

Plaintiff's predecessor, Shana Chatman, requires a mortgage lender to provide" notice of default and an opportunity to cure to the borrower; and Guild breached "the security documents and the property code" because BAPA did not receive a notice of default from Guild. *Id.* at 2.

Guild urges the Court to strike BAPA's First Amended Complaint and enter a final judgment based on the Court's order dismissing the claims in BAPA's original petition because BAPA filed the amended complaint after the deadline set by the Court's order, without leave of court and without Guild's consent. *See* Dkt. No. 24.

Guild also seeks dismissal of BAPA's amended complaint for failure to state a claim. *See* Dkt. No. 26. Guild asserts that BAPA's breach-of-contract claim should be dismissed for three reasons: (1) BAPA does not have standing to sue Guild for breach of contract because BAPA is not in privity of contract with Guild; (2) BAPA has failed to identify a specific contractual provision that Guild allegedly breached because, even if BAPA was a party to the loan documents, neither the loan documents nor the Texas Property Code require receipt of the notice of default; and (3) BAPA has failed to identify any damages that it allegedly suffered as a result of Guild's alleged breach. *See* Dkt. No. 27. Guild attaches as exhibits the note and deed of trust referred to in amended complaint. *See* Dkt. No. 27-1.

In its response, BAPA argues that its bare allegations that it owns the Bluebonnet Property and did not receive notice of default as required by the loan documents, taken as true, sufficiently provide Guild with fair notice of the claim and plausible facts to support it. BAPA also argues that consideration of evidence that

contradicts these allegations would be more appropriate for summary judgment. *See* Dkt. No. 29 at 3.

## Legal Standards

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiffs must plead enough facts to state a claim to relief that is plausible on its face, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity to raise a right to relief above the speculative level. *Id.* at 555. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* A claim for relief is implausible on its face when the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct. *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiffs must allege more than labels and conclusions, and, while a court must accept all of the Plaintiffs allegations as true, it is not bound to accept as true a legal conclusion couched as a factual allegation. *Iqbal*,

556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id*. But, to survive a motion to dismiss under *Twombly* and *Iqbal*, a plaintiff need only plead facts sufficient to show that the claims asserted have substantive plausibility by stating simply, concisely, and directly events that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) (To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief including factual allegations that, when assumed to be true, raise a right to relief above the speculative level. (footnote and internal quotation marks omitted)).

The United States Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the factual allegations in the complaint. *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 135 S. Ct. at 347, and the Federal Rules of Civil Procedure do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted, *Johnson*, 135 S. Ct. at 346.

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*,

495 F.3d 191, 205 (5th Cir. 2007). "Documents attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). Although the [United States Court of Appeals for the] Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim. *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint. *Id.*

In addition, it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record. *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice). And "[t]here is nothing improper about the district court considering the content of briefing that supports or opposes a motion under Rule 12(b)(6) when deciding such a motion," where, although "[w]hen matters

6

outside the pleadings are presented to the court in connection with a motion under Rule 12(b)(6), the motion must be treated as a Rule 56 motion for summary judgment and appropriate notice given to the parties, the United States Court of Appeals for the Fifth Circuit has held "that briefs and oral arguments in connection with the motion … are not considered matters outside the pleadings for purposes of conversion." *Turnage v. McConnell Techns., Inc.*, 671 F. App'x 307, 309 (5th Cir. 2016) (per curiam) (internal quotation marks and citations omitted).

## Analysis

I. <u>The motion for entry of final judgment should be denied.</u>

Guild asks the Court to strike BAPA's amended complaint and moves for entry of final judgment because BAPA filed its amended complaint after the deadline set by the Court's order dismissing the claims in BAPA's original petition, without leave of court to file the amended complaint out of time, and without Guild's consent.

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. *See* FED. R. CIV. P. 41(b); *see also Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.* at 880; *see also*

*Berry v. CIGNA/RoSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

It is undisputed that BAPA failed to comply with the deadline set in the Court's order granting leave to file an amended complaint or seek leave of Court to file the amended complaint late. But there is nothing before the Court to suggest that BAPA' failures to do so were the result of purposeful delay or contumacious conduct. Thus, dismissal without prejudice would be appropriate. But, because the undersigned recommends the Court grant the motion to dismiss the amended complaint and dismiss with prejudice BAPA's only claim, the undersigned recommends the Court deny the motion for entry of final judgment and grant BAPA leave to file the amended complaint out of time.

II.     The motion to dismiss should be granted.

To establish a claim for breach of contract, a plaintiff must show "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (citing *Aguier v. Segal*, 167 S.W.3d 443, 450 (Tex. App. – Houston [14th Dist.] 2005, pet. denied)). Plaintiff fails to plead sufficient facts as to the first, third, and fourth elements and makes no allegations concerning the second element.

A plaintiff must be a party to a contract or a third-party beneficiary of the contract to have standing to sue for breach of that contract. *See Maddox v. Vantage Energy, LLC*, 361 S.W.3d 752, 756 (Tex. App. – Fort Worth 2012, pet. denied). "In Texas, it is an elementary rule of law that privity of contract is an essential element

of recovery in an action based on a contractual theory." *Norris v. Hous. Auth. of City of Galveston,* 980 F. Supp. 885, 892 (S.D. Tex. 1997). A plaintiff asserting an affirmative claim for relief has the burden of showing that a valid contract exists between the plaintiff and the defendant. *See Vara-Portofino Tech Ctr. L.L.C. v. Sandvik Mining & Const. USA, L.L.C.*, CIV. A. H-09-2376, 2009 WL 4263975, at *4 (S.D. Tex. Nov. 25, 2009).

BAPA does not identify a contract between it and Guild or allege any facts in its amended complaint to show it is in privity of contract with Guild. Instead, it acknowledges that Guild and the previous owner of the Bluebonnet Property, Shana Chatman, are the parties to the note and deed of trust. The Court may consider both documents because they are attached to the motion to dismiss, referred to in BAPA's amended complaint and central to BAPA's claim. BAPA alleges that it is the owner of the Bluebonnet Property "by virtue of" the October 15, 2013 deed of trust securing the Bluebonnet Property between Shana Chatman, as grantor, and Guild, as lender. *See* Dkt. No. 27-1 at 6-19. And BAPA alleges that Guild violated Section 8 of the October 15, 2013 note between Shana Chatman, as borrower, and Guild, as lender. *See id.* at 3-5. BAPA also makes the general statement that Shana Chatman is its "predecessor," but it does not allege it is a third-party beneficiary of either the note or deed of trust or state any facts that would support a third-party beneficiary claim.

A plaintiff suing for breach of contract also "must point to a specific provision in the contract that was breached by the defendant." *King v. Wells Fargo Bank*, N.A., NO. 3:11-cv-945-M-BD, 2012 WL 1205163, at *2 (N.D. Tex. Mar. 20, 2012). A plaintiff

fails to state a claim for breach of a deed of trust if it fails to identify a specific provision that was breached. *See Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014).

BAPA alleges that Guild breached both Section 8 of the note between Shana Chatman and Guild and the Texas Property. Even if BAPA could establish that it was a party or third-party beneficiary to the note, BAPA fails to state facts to show breach of contract based on its failure to receive foreclosure notices from Guild.

And BAPA's allegation that Guild violated the Texas Property Code has no bearing on the validity of its breach of contract claim. *See Levantino v. Gateway Mortg. Group*, 3:20-cv-366-L, 2020 WL 5815914, at *4 (N.D. Tex. Sept. 30, 2020).

Section 8 of the deed of trust, which governs giving of notices, provides:

> Unless applicable law requires a different method, any notice that must be given Borrower under this Note will be given by delivering it or mailing it by first-class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Dkt. No. 27-1 at 4. This mirrors the language in the "applicable law," Section 51.002 of the Texas Property Code, which governs notices of default:

> Service of a notice under this section by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address.

TEX. PROP. CODE § 51.002(e). Under the express language of both the deed of trust and the applicable law in the Texas Property Code, service of a notice of default is complete when it is deposited in the mail, not when the borrower receives it.

BAPA contends that the distinction between whether it <u>received</u> the required notices and whether Guild <u>sent</u> such notices is a matter best reserved for summary judgment. The undersigned disagrees. As discussed above, the deed of trust is considered part of the pleadings, and the Court can consider it. And, although BAPA alleges that Section 8 of the deed of trust was breached, it states no facts about the terms of Section 8 or how Guild allegedly breached those terms.

Accordingly, even if BAPA were the borrower or otherwise in privity of contract with Guild, BAPA's receipt of a notice of default is not required under either the loan documents or the Texas Property Code, and BAPA's allegation that it did not receive a notice of default fails to state a claim for which relief may be granted.

Finally, BAPA seeks "actual damages" but fails to state any facts to show it sustained damages as the result of the alleged breach of contract or how its damages were the result of Guild's alleged breach.

In its response to the motion to dismiss the amended complaint, BAPA argues that it is entitled to an injunction because "the allegations of the pleading as a whole, specifically those assertions in the Application for TRO which state that the property is unique and it [will] lose the property forever." But BAPA does not seek injunctive relief or a temporary restraining order in the amended complaint, and the Court cannot read the allegations made in the original petition into the amended complaint. BAPA simply fails to state any facts concerning the damages element of it breach of contract claims.

For these reasons, BAPA has failed to state a claim for which relief may be granted, and the Court should grant the motion to dismiss the amended complaint. The undersigned further recommends that the motion to dismiss be granted with prejudice because BAPA has been allowed to replead and it appears that BAPA has now stated its best case.

## Recommendation

The Court should deny Defendant Guild Mortgage Company's Motion for Entry of Final Judgment [Dkt. No. 24] and grant Plaintiff BAPA Brooklyn 2204, LLC leave to file its Amended Complaint out of time. The Court should grant Defendant Guild Mortgage Company's Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [Dkt. No. 26] and dismiss Plaintiff BAPA Brooklyn 2204, LLC's claim with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 11, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE